IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

STEPHEN RAY HOKE,

    Plaintiff,

v.

MR. LYTE, et al.,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-45

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants Valient Lyte, Tiffany Henry, and Stanley Williams's ("Defendants") Motion for Relief from Default. Doc. 51. For the reasons set forth below, I **RECOMMEND** the Court **GRANT** Defendants' Motion, **DIRECT** the Clerk of Court to **SET ASIDE** each Defendant's default, and allow these Defendants to proceed in defending against this action.

## BACKGROUND

Plaintiff filed his initial complaint in this case on April 21, 2016, naming five Defendants: Nathan Deal; Homer Bryson; Valient Lyte; Stanley Williams; and Tiffany Henry. Doc. 1. Following the requisite frivolity review, Plaintiff's claims against Deal and Bryson were dismissed in their entirety and some, but not all, of the claims against the remaining three Defendants were dismissed. Docs. 8, 14. Because the Court granted Plaintiff leave to proceed *in forma pauperis*, the Court directed the United States Marshals to serve Defendants Lyte, Williams, and Henry. Doc. 9. Defendants Lyte, Williams, and Henry executed waivers of service, giving them until October 11, 2016, to file their answers. Docs. 11, 12, 13.

Defendants Lyte, Williams, and Henry jointly moved to dismiss all of Plaintiff's claims against them. Doc. 16. Ultimately, the Court granted the motion to dismiss, dismissing all claims against all remaining Defendants. Docs. 27, 29. Plaintiff filed a notice of appeal. Doc. 31.

On appeal, the Eleventh Circuit Court of Appeals determined Plaintiff, who had not previously amended his Complaint but had requested leave to do so prior to Defendants' filing of their motion to dismiss, had the right to amend as a matter of course. Doc. 36 at 4. The Eleventh Circuit found this Court erred by not granting Plaintiff leave to amend as a matter of course, vacated this Court's dismissal of Plaintiff's Complaint, and remanded the case back to this Court. Id.

In accordance with the Eleventh Circuit's opinion, this Court directed Plaintiff to file an amended Complaint within 14 days of its May 7, 2018 Order and allowed Defendants 21 days from the date of filing of Plaintiff's Amended Complaint to respond. Doc. 40. Upon Plaintiff's request, the Court extended the time for Plaintiff to file his Amended Complaint by an additional 21 days, making Plaintiff's Amended Complaint due by July 1, 2018. Docs. 41, 42. Despite the extension, Plaintiff did not execute his Amended Complaint until July 24, 2018, and it was not filed until August 15, 2018.[1] Doc. 48 at 25. The Amended Complaint again names Defendants Lyte, Henry, and Williams, and, for the first time, names Defendants Dozier, Allen, Pinero, and Lane. Id. at 1. Plaintiff's Amended Complaint does not name Deal or Bryson.

By the Court's earlier Order, Defendants Lyte, Henry, and Williams were to file their answer or responsive motion to Plaintiff's Amended Complaint within 21 days from the date

---

[1] Plaintiff contends he attempted to mail the Amended Complaint soon after executing the document (which was still several weeks after the Court imposed deadline for filing), but he encountered difficulty in sending the document. Doc. 48-1.

Plaintiff filed his Amended Complaint, and, as a result, had to file their response no later than September 5, 2018.[2] Doc. 42. Defendants failed to timely respond to Plaintiff's Amended Complaint, and, instead filed the instant Motion for Relief from Default on September 13, 2018, and a motion to dismiss on September 14, 2018. Docs. 51, 52.

By operation of law, Defendants have entered into default for not timely answering or otherwise defending against Plaintiff's Amended Complaint. Plaintiff, however, has neither moved for an entry of default nor responded to the present Motion. In addition, the Clerk of Court has yet to enter Defendants' respective defaults.

**DISCUSSION**

Defendants assert their counsel "inadvertently missed the notification that an amended complaint had been filed" and did not file a timely response to Plaintiff's Amended Complaint. Doc. 51-1 at 3. Defendants also assert they did not willfully ignore Plaintiff's Amended Complaint or intentionally delay responding to this Court's deadlines. Id. at 5.

A defendant who does not timely answer or otherwise defend against a cause of action brought against him falls into default. Fed. R. Civ P. 55(a). Defaults and default judgments are disfavored, are a drastic remedy, and should be resorted to only in extreme situations. Mitchell v. Brown & Williamson, 294 F.3d 1309, 1316–17 (11th Cir. 2002). Under Rule 55, "the court may set aside an entry of default for good cause" prior to a default judgment being entered." Fed. R. Civ. P. 55(c); see Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988) (explaining that Rule 55(c) applies when a judgment has not been entered and provides the court discretion to set aside a default, while the more stringent provisions of Rule 60(b) apply only when a judgment

---

[2] As explained above, Defendants Lyte, Henry, and Williams waived service in this case, and, therefore, no additional service was required. From the record, it appears that the new Defendants (Dozier, Allen, Pinero, and Lane) have not been served. The Court will conduct the requisite frivolity review of Plaintiff's Amended Complaint.

has been entered).  While the "good cause" standard varies depending on the facts of a particular case, general guidelines are frequently applied.  Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996) (citations omitted).

In determining whether there is "good cause" to set a default aside, courts have considered: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default."  SEC v. Johnson, 436 F. App'x 939, 945 (11th Cir. 2011) (citing Compania, 88 F.3d at 951–52).  Importantly, courts in the Eleventh Circuit "view defaults with disfavor" due to the "strong policy of determining cases on their merits."  In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003) (citations omitted).  However, where "a party willfully defaults by displaying either an intentional or reckless disregard" for judicial proceedings, the court may properly deny a motion to set aside the default.  Compania, 88 F.3d at 951–52 (citation omitted).

In this case, Defendants have established good cause to set aside their defaults.  The Court finds that Defendants' failure to answer or defend by the Court's imposed deadline was neither culpable nor willful.  Defendants' counsel shoulders the blame for their defaults, as she avers she did not enter an appearance in this Court at the same time she entered an appearance with the Eleventh Circuit.  Doc. 51-1 at 5.  Counsel alleges she discovered her oversight only five days after an answer or responsive pleading was due, and she filed the instant Motion only three days later.  Counsel's slight error, which she acted promptly to remedy, should not deprive Defendants of an opportunity to defend this case on the merits.  Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).  Moreover, Defendants have filed a motion to dismiss

Plaintiff's Amended Complaint only nine days past the deadline.  Finally, the Court finds Plaintiff, who has not opposed this Motion, will suffer little prejudice in setting aside this default because the Court has not reviewed Plaintiff's Amended Complaint, no answer has been filed, and discovery has not commenced.[3]  I find there is good cause to excuse Defendants' defaults.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **GRANT** Defendants' Motion, **DIRECT** the Clerk of Court to **SET ASIDE** each Defendant's default, and allow these Defendants to proceed in defending against this action.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States

---

[3] Plaintiff's late execution and filing of his Amended Complaint complicated the issue of Defendants' response time.  While Plaintiff has not made any attempt to justify his failure to file the Amended Complaint within the Court's deadline, the Court finds that, in these circumstances, Plaintiff's Amended Complaint will be deemed timely.

Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of February, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA