# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

STEPHEN RAY HOKE,

    Plaintiff,

v.

MR. LYTE, et al.,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-45

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Class Certification. Doc. 49. For the reasons which follow, I **RECOMMEND** the Court **DENY** Plaintiff's Motion.

## BACKGROUND

Plaintiff filed his initial 42 U.S.C. § 1983 Complaint on April 21, 2016, naming five Defendants: Nathan Deal; Homer Bryson; Valient Lyte; Stanley Williams; and Tiffany Henry. Doc. 1. Plaintiff claimed the named Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq* by preventing his religious mail from coming into the prison. Id. Following the requisite frivolity review, Plaintiff's claims against Deal and Bryson were dismissed in their entirety and some, but not all, of the claims against the remaining three Defendants were dismissed. Docs. 8, 14. Defendants Lyte, Williams, and Henry moved to dismiss Plaintiff's Complaint based on Plaintiff's failure to exhaust his available administrative remedies and failure to state a claim. Doc. 16. The Court

granted Defendants' motion on both bases. Docs. 27, 29. Plaintiff filed a notice of appeal. Doc. 31.

On appeal, the Eleventh Circuit Court of Appeals determined Plaintiff, who had not previously amended his Complaint but had requested leave to do so prior to Defendants' filing of their motion to dismiss, had the right to amend as a matter of course. Doc. 36 at 4. The Eleventh Circuit found this Court erred by not granting Plaintiff leave to amend as a matter of course, vacated this Court's dismissal of Plaintiff's Complaint, and remanded the case back to this Court. Id. In addition to his Amended Complaint, doc. 48, Plaintiff filed the instant Motion for Class Certification. Doc. 49.

## DISCUSSION

Plaintiff, who is proceeding pro se, asserts there are more than 200 Christian inmates at Georgia State Prison; thus, they all have the same claims as he has asserted against Defendants. Id. at 1. Plaintiff contends these claims should not be hard to prove based on the facts he sets forth in his Amended Complaint, and Defendants brag about sending religious mail back "without notice." Id.

"[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." See Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); citing Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates). As the Fourth Circuit Court of Appeals has observed:

> An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a pro se

> prisoner may not litigate the interests of other prisoners in class action). The
> reasoning behind this rule is two-fold: it protects the rights of those before the
> court, see id. ("the competence of a layman [litigating for] himself [is] clearly too
> limited to allow him to risk the rights of others"), and jealously guards the
> judiciary's authority to govern those who practice in its courtrooms. See
> Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 231 (3d Cir. 1998) ("Requiring
> a minimum level of competence protects not only the [client] but also his or her
> adversaries and the court from poorly drafted, inarticulate, and vexatious
> claims.").

Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005). Simply put, incarcerated pro se litigants may not bring a class action on behalf of other prisoners. See Fymbo v. State Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2002) (holding that a pro se litigant "cannot adequately represent [a] putative class"); Ibarra v. GEO Grp., Inc., No. 5:16-CV-55, 2016 WL 7242575, at *3 (S.D. Ga. Nov. 3, 2016), *report and recommendation adopted*, No. 5:16-CV-55, 2016 WL 7242720 (S.D. Ga. Dec. 14, 2016); Walker v. Brown, No. CV 112-105, 2012 WL 4049438, at *1-2 (S.D. Ga. Aug. 14, 2012), *report and recommendation adopted*, No. CV 112-105, 2012 WL 4052038 (S.D. Ga. Sept. 13, 2012). Even if Plaintiff met the Rule 23 requirements necessary for class certification, he cannot litigate the interests of other prisoner-litigants.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Class Certification.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of February, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA